No. 3060

A person indicted for driving an automobile while intoxicated pleads guilty to the court without a jury, and his punishment is fixed at five days in jail and a fine, with the jail sentence being suspended. Held, that while the action of the court in suspending the jail sentence is erroneous, the judgment of conviction is a final one, subject to being set aside on motion for new trial or appeal.

OFFICE OF THE ATTORNEY GENERAL

June 9, 1939

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Austin, Texas

This Opinion
- Modifies Opinion
# O-31

Dear Sir:

Attention: Mr. Ralph L. Buell

Opinion No. O-713
Re: Whether a felony conviction is a final one where the punishment is fixed at a fine and five days in jail with the jail sentence suspended.

We are in receipt of your letter of April 26, 1939, wherein you request our opinion in response to the following question:

"In the case of a District Court verdict of five days in jail and fine, the jail sentence being suspended, is such a conviction a final conviction?"

We are advised that the conviction to which you refer was for operating an automobile while intoxicated, upon a plea of guilty to the court without a jury. Article 802, Penal Code, reads as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this State while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500)."

Article 776, 777, and 778, Code of Criminal Procedure, provide that where there is a conviction of any felony (with certain exceptions) and the punishment assessed by the jury shall not exceed five years, the court shall suspend sentence during good behavior where proper application has been made and the jury finds that the defendant has not been theretofore convicted of a felony and a suspended sentence is recommended. Article 780, Code of Criminal Procedure, reads as follows:

"In any case of suspended sentence, at any time after the expiration of the time assessed as punishment by the jury, the defendant may make his written sworn motion for a new trial and dismissal of such case, stating therein that since such former trial and conviction he had not been convicted of any felony, which motion shall be heard by the court during the first term time after same is filed. If it appears to the court, upon such hearing, that the defendant has not been convicted of any other felony, the court shall enter an order reciting the fact, and shall grant the defendant a new trial and shall then dismiss said cause. After the setting aside and dismissal of any judgment of conviction as herein provided for , the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law."

In the case of Gordon vs. State, 120 S.W. (2d) 1071, it was held that the suspended sentence statutes are available to one convicted under Article 802, Penal Code, although the punishment inflicted is a fine and imprisonment in the county jail. In no case, however, has it been held that the suspended sentence statutes can be applied in such a way as to authorize a suspension of the jail sentence only, where the punishment inflicted is a fine and imprisonment in the county jail. Articles 776 to 780, Code of Criminal Procedure, are wholly inapplicable to such a procedure. Article 776 provides that the court shall suspend sentence under given conditions--not a part of a sentence. Article 780 provides that after the expiration of the period of the suspended sentence, the defendant may make a motion for a new trial and dismissal of the case, and if it appears to the court that the defendant has not been convicted of a felony in the meanwhile, the court shall grant the defendant a new trial and shall then dismiss the said cause. The indictment is not severable. A new trial can not be granted only in part and the case dismissed in part. We are clearly of the opinion that the court did not have authority to suspend the jail sentence alone. However, we are not prepared to say that such an error makes the conviction wholly void.

The authorities are conflicting as to whether a judgment of conviction assessing a punishment less than the statutory minimum is void or not, the majority view apparently being that such a judgment is not utterly void. 12 R.C.L. 1209; 16 C.J. 1311; 29 C.J. 61. In this State in at least three cases the Court of Criminal Appeals has reversed judgments of conviction where the punishment was fixed at a fine only, the punishment authorized by statute being by both fine and imprisonment. Erien vs. State, 27 S.W. (2d) 197; Thomas vs. State, 211 S.W. 453; Busey vs. State, 218 S.W. 1048. The

fact that the court reversed and remanded such cases, rather than dismissing the appeals, is at least some indication of the view of the court that such judgments were final. For, to be appealable, a judgment must be final. 4 Tex. Jur., p. 34, Sec. 19. In the case of Terry vs. State, 17 S. . 1079, the defendant was convicted of a misdemeanor and his punishment fixed at a fine of $10.00. Motion was made to dismiss the appeal on the ground that the judgment did not contain a provision committing the defendant until the fine and costs were paid, the position taken by the State being that it was not a final judgment. The court overruled the motion to dismiss the appeal. We quote from the opinion as follows:

"Let us examine judgments in misdemeanor cases in which both pecuniary fine and imprisonment constitute the punishment. Suppose the verdict imposed a verdict of $100, and 20 days in jail, and upon that verdict a judgment is entered as follows: 'It is therefore considered, ordered, and adjudged by the court that the state of Texas do have and recover of A. B. said fine of $100, and all costs of this prosecution; and that A.B. (being present in court) be committed to the custody of the sheriff, who shall forthwith confine him in the jail of____ county for 20 days.' Would such judgment be final? We think it would. Suppose, upon such a verdict, thefirst part of this judgment be omitted,—that is, there be no judgment for the $100, but one for the imprisonment for 20 days. Would t is be a final judgment authorizing the imprisonment of defendant for the 20 days? Certainly it would be, and the defendant could not obtain rele se by habeas corpus upon the ground that the court had failed to give the state judgment for the money. And this would be so if the court gave judgment for the money and omitted judgment for imprisonment. The following decisions, in so far as they are in conflict with this opinion, are overruled. Heatherly vs. State, 14 Tex. App. 21; Braden vs. State , Id. 22; Want vs. State, Id. 24. The motion to dismiss the appeal is overruled. All judges present and concurrin ."

With respect to being a final judgment the case before us stands in a better attitude probably than it would have if the court had assessed a fine only. In this case the court pronounced a legal judgment, fixing the punishment, at a fine and imprisonment in jail. The part of the judgment attempting to suspend the jail sentence being erroneous would not necessarily render the whole judgment void.

In the case of Aldridge vs. Hamlin, 184 S.W. 602, involving an election contest, it became necessary to determine whether or not the Wilbur Ford was a qualified voter. We quote from the court's opinion as follows:

"The court found that the voter, Wilbur Ford, was convicted of a felony (theft of cattle) and his punishment assessed at two years in the penitentiary; that he had not been pardoned, nor his civil rights restored. The trial judge had suspended the sentence of this defendant under the provisions of chapter 44, Acts of the Thirty-second Legislature. This act, affecting this particular question, was held unconstitutional in the case of Snodgrass vs. State (Cr. App.) 150 S.W. 162, 41 L.R.A. (N.S.) 1144, and in a companion case (Cr. App.) 150 S.W. 178. The law was amended and held constitutional on account of the elimination of certain features, in Baker vs. State, 70 Tex. Cr. R. 618, 158

S. W. 998. We are disposed to follow the Court
of Criminal Appeals on this question, and hold
that the sentence of suspension was void, and
that the voter was not qualified."

Thus Aldridge vs. Hamlin, supra, the Court of Civil
Appeals treated the unauthorized suspension as being void and
gave effect to the judgment the same as if no such suspension had
been attempted.

We are of the opinion that the judgment in question is
a valid one as against collateral attack and that such conviction
is final, subject to being set aside on motion for new trial on
appeal.

In our opinion No. O-21, dated March 18, 1939, addres-
sed to you, we held that such a conviction as the above is not
a final one where the judgment is set aside and the cause is dis-
missed after the expiration of the suspended jail sentence. We
now qualify that opinion as follows: Unless the proceedings set-
ting aside the judgment and dismissing the cause were had at the
same time as the conviction, or during an extension of the term,
the same would be ineffectual and the judgment would be final.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed)  Glenn R. Lewis
Assistant

GRL:FG

This opinion has been considered in conference, approv-
ed, and ordered recorded.

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS